UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

BRYAN ALLEN CARY,

    Plaintiff,

v.                                      Case No. 2:16-CV-102

R. NAPEL, et al.,                    HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, a state prisoner confined with the Michigan Department of Corrections, has sued several Defendants pursuant to 28 U.S.C. § 1983 alleging that they violated his rights under the First and Fourteenth Amendments by taking away his medicine bag—"a native American religious item necessary for prayer & protection." (ECF No. 1 at PageID.2.) On December 22, 2016, Plaintiff filed a motion for a temporary restraining order and preliminary injunction requesting that the Court order Defendants to return the medicine bag to Plaintiff. (ECF No. 29.) On December 30, 2016, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court deny Plaintiff's motion. Applying the preliminary injunction factors, *see In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985), the magistrate judge concluded that Plaintiff failed to demonstrate a strong or substantial likelihood of success on the merits and that Plaintiff failed to show that he will be irreparably harmed if the requested relief is not granted. (ECF No. 32 at PageID.122.) The magistrate judge further reasoned that because Plaintiff's motion concerns a matter of prison administration, the Court should consider the interests of prison officials in balancing the pertinent factors. (*Id.* at PageID.122–23.)

Plaintiff has filed an Objections to the R & R, asserting that the magistrate judge erroneously concluded that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits and irreparable harm. After conducting a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The Court concurs with the magistrate judge's observation that Plaintiff has not shown a strong likelihood of success. This is not to say that Plaintiff cannot ultimately prevail on the merits of his claim, but at this juncture Plaintiff has not met the high burden of demonstrating a substantial likelihood of success on his First Amendment claim. In this regard, the Court is particularly mindful that courts are generally hesitant to interfere with matters of prison administration and should defer to the professional judgment of prison administrators. *See Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S. Ct. 2162, 2167 (2003).

The Court notes that MDOC policy treats a "medicine bag" as a religious item for members of the Native American religious group and allows such members to possess a "medicine bag" under certain circumstances. *See Cary v. Robinson, et al.*, No. 1:13-CV-31 (W.D. Mich.) (ECF No. 185 at PageID.184 (citing MDOC Policy Directive Attachment 05.03.150A)). Moreover, Plaintiff is correct that such policy was recognized in *McElhaney v. Elo*, No. 98-1832, 2000 WL 32036 (6th Cir. Jan. 6, 2000). Nonetheless, as the magistrate judge stated, Plaintiff failed to present evidence supporting his claim that he has a strong or substantial likelihood of success in showing that Defendants violated his rights by taking his medicine bag—for example, Plaintiff has not shown that the confiscation of his medicine bag was unjustified by any legitimate penological concern. The absence of such evidence requires denial of Plaintiff's motion.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 30, 2016 (ECF No. 32) is **ADOPTED** as the Opinion of the Court.  Plaintiff's Motion for Injunctive Relief (ECF No. 29) is **DENIED**.


Dated:  February 16, 2017                                        /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE